IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
MAR 0 7 2006
Michael N. Milby, Clerk of Court

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Plaintiff

v.

BLUE FLASH EXPRESS, L.L.C.
Defendant.

§ CIVIL ACTION NO. H 06 0755

§ JURY TRIAL DEMANDED

**ORIGINAL COMPLAINT**

1. This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, and Title I of the Civil Rights Act of 1991, *as amended,* to correct unlawful employment practices on the basis of opposing discrimination and to provide appropriate relief to Summer Muraira who was adversely affected by such practices. The Defendant, Blue Flash Express, L.L.C. ("Defendant" or "Blue Flash") unlawfully terminated Ms. Muraira in retaliation for opposing what she believed to be unlawful employment practices, specifically for complaining about the terminal manger's distribution of materials she reasonably believed were racially derogatory and offensive.

JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, *as amended,* 42 U.S.C. §1981A.

3. Venue is proper in this court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5. Defendant Blue Flash Express, L.L.C. has continuously been and is now doing business in the State of Texas and the City of LaPorte and has continuously had more than 15 employees. Defendant Blue Flash is a Louisiana Limited Liability Corporation that has failed to appoint or maintain a current registered agent in Texas. Blue Flash may be served with process by serving the Office of the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

6. At all relevant times, Blue Flash has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Summer Muraira filed a charge of discrimination with the Commission alleging violation of Title VII by Blue Flash, her former employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least July 2004, Blue Flash has engaged in unlawful employment practices at its La Porte, Texas location in violation of Section 704(a) of Title VII.

9. Ms. Muraira began working for Blue Flash at its La Porte, Texas terminal in November 2002 as the safety coordinator. In her position she had dual supervisors; the safety manager and the terminal manager. She performed her job duties satisfactorily throughout her employment. Although Blue Flash has a progressive discipline policy, Ms. Muraira was never disciplined under that policy. She was never disciplined by the safety manager or the terminal manager about her performance of her duties at any time during her employment. Her personnel file contains no counselings or reprimands.

10. In late July 2004,Terminal Manager distributed an email attachment entitled "An American Sentiment" to several employees. Although he did not give it directly to Ms. Muraira, another employee placed the document on her desk. Additionally, the Terminal Manager gave the materials to an employee in Ms. Muraira's presence and told a third employee who was also present that he could not give it to her because she was not "red neck" enough to appreciate it. He ignored Ms. Muriara entirely. Ms. Muriara is Hispanic. The document was several pages long and contained statements about African-Americans, persons with accents or non-English speakers, immigrants, etc. that Ms. Muriara considered racially derogatory and offensive. Later that day, Ms. Muirara and the safety manager, her supervisor, discussed the contents of the document and that she found it offensive and was upset that it was being distributed by the terminal manager, her other supervisor. The safety manager told her he would investigate the matter and agreed to let her have the remainder of the day off and asked that she return to work the next day.

11. Ms. Muraira was called by the safety manager at her home that evening. He advised her that the terminal manager had been sent home. As instructed she returned to work the next day. Upon her return, she received a call from the safety manager asking her if she would feel uncomfortable working with the terminal manager again if he were brought back to work. Ms. Muraira expressed concern about working with someone who, based on the document he had distributed, clearly believed he was better than she was merely because he was Caucasian. Approximately, an hour later, the safety manager called her and told her that although he disagreed with the decision, he had to let her go. He said he was told to terminate her by the owner of the company and that the reason was supposedly excessive absenteeism and job performance. The safety manager told her he was not aware of any problems with her attendance or job performance. There was no documentation of excessive absenteeism or work performance problems for Ms. Muraira at the time. Nor had there been any discussion with the safety manager about possible discharge of Ms. Muraira prior to her complaint about the terminal manager's distribution of the offensive handout, even though he was her direct supervisor.

12. The effect of the practices complained of above has been to deprive Ms. Muraira of equal employment opportunities and otherwise adversely affect her status as an employee because of her protected activity of opposing employment practices she believed to be discriminatory in violation of Title VII.

13. The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference for the federally protected civil rights of Ms. Muraira.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

14. Grant a permanent injunction enjoining Blue Flash, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of opposition to discrimination;

15. Order Blue Flash to institute and carry out policies, practices and procedures which provide equal employment opportunities for women and which eradicates the effects of its past and present unlawful employment practices;

16. Order Blue Flash to make Ms. Muraira whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices she was subjected to;

17. Order reinstatement into a comparable position for Ms. Muraira or award front pay in the amounts to be proven at trial if reinstatement is impractical;

18. Order Blue Flash to make Ms. Muraira whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses such as job search expenses and insurance expenses in amounts to be proven at trial;

19. Order Blue Flash to make Ms. Muraira whole by paying compensatory damages to Ms. Muraira for her past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses she suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

20. Award punitive damages to Ms. Muraira for Blue Flash's malicious and/or reckless conduct described above, in amounts to be proven at trial;

21. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

22. Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

23. Award the Commission its costs in this action; and

24. Grant such other and further relief as the Court deems necessary and proper.

JURY TRIAL DEMANDED

25. The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

1801 L. Street, N.W.
Washington, D.C. 20507

By: ______________________

Kathy D. Boutchee
Attorney-in-Charge
TBN: 02717500
SDN: 10145
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399
Fax: (713) 209-3402
Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

OF COUNSEL

by PERMISSION

Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402

(Rev. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ________
(EXCEPT IN U S PLAINTIFF CASES)

**DEFENDANTS**
BLUE FLASH EXPRESS, L.L.C.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ________
(IN U.S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kathy D. Boutchee, Senior Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399

ATTORNEYS (IF KNOWN)

H 06 0755

United States Courts
Southern District of Texas
FILED
MAR 0 7 2006
Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[] 2 U.S. Government Defendant
[] 3 Federal Question (U.S Government Not a Party)
[] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). Defendant unlawfully terminated Ms. Muraira in retaliation for opposing what she believed to be unlawful employment practices, specifically for complaining about the terminal manager's distribution of materials she reasonably believed were racially derogatory and offensive.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
[] 110 Insurance
[] 120 Marine
[] 130 Miller Act
[] 140 Negotiable Instrument
[] 150 Recovery of Overpayment & Enforcement of Judgment
[] 151 Medicare Act
[] 152 Recovery of Defaulted Student Loans (Excl Veterans)
[] 153 Recovery of Overpayment of Veteran's Benefits
[] 160 Stockholders' Suits
[] 190 Other Contract
[] 195 Contract Product Liability

**REAL PROPERTY**
[] 210 Land Condemnation
[] 220 Foreclosure
[] 230 Rent Lease & Ejectment
[] 240 Torts to Land
[] 245 Tort Product Liability
[] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
[] 310 Airplane
[] 315 Airplane Product Liability
[] 320 Assault, Libel & Slander
[] 330 Federal Employers' Liability
[] 340 Marine
[] 345 Marine Product Liability
[] 350 Motor Vehicle
[] 355 Motor Vehicle Product Liability
[] 360 Other Personal Injury

PERSONAL INJURY
[] 362 Personal Injury--Med Malpractice
[] 365 Personal Injury--Product Liability
[] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
[] 370 Other Fraud
[] 371 Truth in Lending
[] 380 Other Personal Property Damage
[] 385 Property Damage Product Liability

**CIVIL RIGHTS**
[] 441 Voting
[x] 442 Employment
[] 443 Housing/Accommodations
[] 444 Welfare
[] 440 Other Civil Rights

**PRISONER PETITIONS**
[] 510 Motions to Vacate Sentence Habeas Corpus
[] 530 General
[] 535 Death Penalty
[] 540 Mandamus & Other
[] 550 Other

**FORFEITURE/PENALTY**
[] 610 Agriculture
[] 620 Other Food & Drug
[] 625 Drug Related Seizure of Property 21 USC 881
[] 630 Liquor Laws
[] 640 R R & Truck
[] 650 Airline Regs
[] 660 Occupational Safety/Health
[] 690 Other

**LABOR**
[] 710 Fair Labor Standards Act
[] 720 Labor/Mgmt Relations
[] 730 Labor/Mgmt Reporting & Disclosure Act
[] 740 Railway Labor Act
[] 790 Other Labor Litigation
[] 791 Empl Ret Inc Security Act

**BANKRUPTCY**
[] 422 Appeal 28 USC 158
[] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
[] 820 Copyrights
[] 830 Patent
[] 840 Trademark

**SOCIAL SECURITY**
[] 861 HIA (1395ff)
[] 862 Black Lung (923)
[] 863 DIWC/DIWW (405(g))
[] 864 SSID Title XVI
[] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[] 870 Taxes (U S Plaintiff or Defendant)
[] 871 IRS--Third Party 26 USC 7609

**OTHER STATUTES**
[] 400 State Reapportionment
[] 410 Antitrust
[] 430 Banks and Banking
[] 450 Commerce/ICC Rates/etc
[] 460 Deportation
[] 470 Racketeer Influenced and Corrupt Organizations
[] 810 Selective Service
[] 850 Securities/Commodities/Exchange
[] 875 Customer Challenge 12 USC 3410
[] 891 Agricultural Acts
[] 892 Economic Stabilization Act
[] 893 Environmental Matters
[] 894 Energy Allocation Act
[] 895 Freedom of Information Act
[] 900 Appeal of Fee Determination Under Equal Access to Justice
[] 950 Constitutionality of State Statutes
[] 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[] 2 Removed from State Court
[] 3 Remanded from Appellate Court
[] 4 Reinstated or Reopened
[] 5 Transferred from another district (specify)
[] 6 Multidistrict Litigation
[] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION [] UNDER F R C P 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE ________ DOCKET NUMBER ________

DATE 3-7-06

SIGNATURE OF ATTORNEY OF RECORD Kathy Boutchee by RAdewardMender

UNITED STATES DISTRICT COURT